UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

RAMON ANTONIO NUNEZ

a/k/a

RAMON ANTONIO DE LA ROSA,

             Defendant.

------------------------------------X

10 Cr. 307-1 (RWS)

SENTENCING OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-28-12

**Sweet, D.J.**

On August 1, 2011, Ramon Antonio Nunez, a/k/a Ramon
Antonion De La Rosa ("Nunez" or "Defendant") pleaded guilty to
one count of illegal re-entry to the United States, in violation
of 8 U.S.C. § 1326(a) & (b)(2).  For the reasons set forth
below, Nunez will be sentenced to a term of time served.

**Prior Proceedings**

On April 18, 2012, a one-count indictment was filed in
the Southern District of New York, charging that from March 30,
2001, through December 3, 2011, in the Southern District of New

York and elsewhere, Nunez entered and was found in the United States without having obtained the express written consent of the United States Attorney General or the Secretary for the Department of Homeland Security to re-apply for admission to the United States. Nunez had previously been removed from the United States on October 17, 1997, subsequent to a conviction in Bronx County Supreme Court for the felony of Criminal Sale of a Controlled Substance in the Second Degree.

On August 1, 2012, the Defendant appeared before the Honorable Ronald L. Ellis and allocated to his criminal conduct as charged, pursuant to a plea agreement which stipulated as follows: (i) the November 1, 2011, edition of the Guidelines Manual is applicable in this case; (ii) §2L1.2 is the applicable guideline to the offense charged and establishes a base offense level of eight, pursuant to §2L1.2(a); (iii) a 16-level increase is warranted because the defendant was previously deported after having been convicted of an aggravated felony, namely a drug trafficking offense for which the sentence imposed exceeded 13 months, and because he received criminal history points under Chapter Four for that conviction, pursuant to §2L1.2(b)(1)(A); (iv) assuming the defendant, in a timely manner, clearly demonstrates acceptance of responsibility, to the satisfaction

2

of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a three-level reduction will be warranted, pursuant to §3E1.1(a) and (b); (v) assuming the defendant complies fully with his obligations under the plea agreement, the Government will move at sentencing for a four-level downward departure to the defendant's adjusted offense level, pursuant to §5K3.1; (vii) in accordance with the above, the applicable offense level is 17; (viii) based upon the information available to the Government (including representations by the defense), the defendant has five criminal history points and a corresponding Criminal History Category of III; (ix) based upon the calculations set forth above, the defendant's stipulated sentencing Guidelines range is 30 to 37 months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to §5E1.2. The applicable fine range is $5,000 to $50,000.

Nunez's sentencing is currently scheduled for December 3, 2012.

## The Sentencing Framework

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

  (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

  (2)  the need for the sentence imposed —

       (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

       (B)  to afford adequate deterrence to criminal conduct;

       (C)  to protect the public from further crimes of the defendant; and

       (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  (3)  the kinds of sentences available;

  (4)  the kinds of sentence and the sentencing range established for —

       (A)  the applicable category of offense committed

4

by the applicable category of defendant as
set forth in the guidelines . . .;

(5)    any pertinent policy statement . . . [issued
       by the Sentencing Commission];

(6)    the need to avoid unwarranted sentence
       disparities among defendants with similar
       records who have been found guilty of
       similar conduct; and

(7)    the need to provide restitution to any victims of
       the offense.

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find

all the facts appropriate for determining a sentence, whether

that sentence is a so-called Guidelines sentence or not.  See

Crosby, 397 F.3d at 114-15.


**The Defendant**


        The Court adopts the facts set forth in the

Presentence Investigation Report ("PSR") with respect to Nunez's

personal and family history.


**The Offense Conduct**


        The following description draws from the PSR. The

specific facts of the underlying conduct are adopted as set

forth in that document. Nunez was at all relevant times a citizen and national of the Dominican Republic, and was never a citizen of the U.S.

On October 19, 1997, Nunez was convicted in Bronx County Supreme Court of the crime of Criminal Sale of a Controlled Substance in the Second Degree, an aggravated felony. As a result of that conviction, Nunez was given a sentence of seven years' to life imprisonment.

Following several years of incarceration, on March 30, 2001, Nunez was deported from the U.S. and returned to his native Dominican Republic.

On December 3, 2011, Nunez was arrested by the N.Y.P.D. in Bronx, New York, on a charge of criminal possession of a controlled substance in the seventh degree. It was subsequently determined that Nunez had illegally re-entered the U.S. without having obtained permission from the U.S. Attorney General or the Secretary for the Department of Homeland Security to re-apply for admission.

Nunez has been in federal custody since June 21, 2012.

## The Relevant Statutory Provisions

Count 1 mandates a maximum term of imprisonment of 20 years, pursuant to 8 U.S.C. § 1326(a) & (b)(2). In addition, if a term of imprisonment is not imposed, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

The Defendant is eligible for not less than one nor more than five years' probation by statute, pursuant to 18 U.S.C. § 3561(c)(1).

The maximum fine for the offense conduct is $250,000, pursuant to 8 U.S.C. § 1326(a) & (b)(2). A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

## The Guidelines

The November 1, 2011 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a) and the Defendant's plea agreement.

The guideline for a violation of 8 U.S.C. 1326(a) & (b)(2) is found in § 2L1.2, which provides for a base offense level of eight, pursuant to § 2L1.2(a).

Because the Defendant was previously deported following conviction for a felony drug trafficking offense for which the sentence imposed exceeded 13 months, and because the Defendant received criminal history points in connection with that conviction, the base offense level is increased 16 levels, pursuant to § 2L1.2(b)(1)(A)(i).

Based upon the Defendant's statement and allocution before the Court, he has shown recognition of responsibility for the offense. Further, due to the Defendant's timely notification of his intention to plead guilty, allowing the Government to allocate its resources more efficiently, and since the offense level is 16 or greater, the offense is reduced three levels pursuant to § 3E1.1(a) & (b).

Accordingly, the Defendant's total offense level is 21, and the Guideline range is imprisonment for 46 to 57 months, and supervised release for 1 to 3 years.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.

The Defendant in this case is 60 years old, and is subject to deportation immediately following the completion of his sentence for the instant offense. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and in consideration of all of the factors set forth in § 3553(a), a downward departure from the sentencing Guidelines is warranted in this case based primarily on the Defendant's age and offense.

**The Sentence**

For the instant offense, Nunez will be sentenced to a term of imprisonment of time served.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

Due to Nunez's limited assets, no fine is imposed.

Nunez shall forfeit to the United States any and all property constituting and derived from any proceeds obtained directly or indirectly as a result of the instant offense, pursuant to 21 U.S.C. § 853. Pursuant to Rule 32.2, "[t]he Court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at the sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment."

The terms of this sentence are subject to modification at the sentencing hearing scheduled for December 3, 2012.

It is so ordered.

New York, NY
November 27 , 2012

_(signature)_

ROBERT W. SWEET
U.S.D.J.